

USDC- GREENBELT
'23 AUG 4 AM 10:10

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>100 F Street, NE<br>Washington, DC 20549<br><br>*Plaintiff/Petitioner,*<br><br>v.<br><br>RAMNIK S. AULAKH,<br>7711 Cross Creek Drive<br>Columbia, MD 21044<br><br>*Defendant/Respondent.* | Case No.: JRR 23 CV 2101 |

### APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934, SECTION 42(D) OF THE INVESTMENT COMPANY ACT OF 1940, AND SECTION 209(d) OF THE ADVISERS ACT OF 1940 <u>ENFORCING COMPLIANCE WITH A COMMISSION ORDER</u>

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), to enforce compliance by the Respondent, Ramnik S. Aulakh ("Aulakh"), with the Commission's Order to Institute Administrative and Cease and Desist Proceedings ("OIP" or "Order") entered against him on August 9, 2018. In anticipation of the proceedings giving rise to the OIP, Aulakh consented to pay a civil penalty of $50,000.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission, which found that Aulakh violated Sections 206(1) and 206(2) of the Advisers Act.

2. Aulakh has failed to satisfy the civil penalty imposed upon him.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Ramnik S. Aulakh, age 40, is a resident of Columbia, Maryland.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, Section 42(d) of the Investment Company Act, and Section 209(d) of the Advisers Act.

6. Venue lies in the United States District Court for the District of Maryland under Section 27(a) of the Exchange Act, Section 44 of the Investment Company Act, and Section 214 of the Advisers Act. The Respondent is "found" or is an "inhabitant" of this District, and/or a substantial part of the events giving rise to the underlying action occurred in this District.

## STATEMENT OF RELEVANT FACTS

7. On August 9, 2018, the Commission entered its Order Instituting Administrative and Cease-and-Desist Proceedings ("OIP") against Aulakh pursuant to Section 15(b) of the Exchange Act, Section 9(b) of the Investment Company Act, and Sections 203(f) and 203(k) of the Advisers Act. *See* Ex. 1.

8. In the OIP, the Commission alleged, in part, that between February 2009 and February 2013, Aulakh, the Chief Operating Officer of Jade Private Wealth Management, LLC ("Jade"), a now defunct investment adviser, aided and abetted Jade's principal and majority owner

("Jade Principal") in recommending that Jade's advisory clients purchase approximately $20 million in promissory notes (the "STI Notes") issued by Success Trade, Inc. ("STI").[1] In late 2012 and early 2013, Aulakh further assisted Jade Principal in recommending that Jade clients holding STI Notes roll over, extend, or convert them into STI equity. During the four-year period during which Aulakh and Jade Principal advised Jade's clients to invest in the STI Notes, Aulakh and Jade Principal failed to disclose that Jade and Jade Principal were receiving payments from STI totaling more than $1.2 million. By April 2013, STI ceased making any payments of principal or interest on the STI Notes, and Jade's clients who had invested in them incurred losses of approximately $12 million.

9. In anticipation of the OIP and related proceedings, the Respondent submitted an Offer of Settlement, which the Commission accepted ("Offer"). As a result, and in connection with the OIP, the Commission imposed the sanctions agreed to in the Respondent's Offer, which included an order to pay a civil penalty of $50,000.

10. Aulakh did not seek review of the OIP, and the time to do so has expired.

## ARGUMENT

11. The Commission brings this proceeding under 21(e)(1) of the Exchange Act, 42(D) of the Investment Company Act, and 209(d) of the Advisors Act. The Exchange Act authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

12. Proceedings under the Exchange Act are summary in nature. *See e.g., SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659

---

[1] STI, its subsidiary Success Trade Securities, Inc. ("STS"), and Fuad Ahmed ("Ahmed"), president and chief executive officer of STI and STS, were the subjects of prior Commission proceedings. *See In the Matter of Success Trade Securities, Inc., et al.*, Sec. Act Rel. No. 9891, AP File No. 3-16755 (Aug. 14, 2015).

(9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'" 322 F.3d at 655 (citation omitted).

13.     In such proceedings, the Respondent may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy*, 322 F.3d at 658.

14.     These summary proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing the Respondent to show cause why this Court should not enter an order enforcing his compliance with the Commission's Order.

II.

That the Court thereafter enter Judgment enforcing the Commission Order and requiring:

a. Aulakh to pay a civil penalty of $50,000, minus any credits;

b. Interest accrued pursuant to 31 U.S.C. § 3137 from August 9, 2018, the date of the Order, to the date that this Court enters its order; and

c. Injunctive Relief.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated: August 2, 2023

        Respectfully submitted,

        s/ Christy J. White
        CHRISTY J. WHITE
        Assistant Chief Litigation Counsel
        100 F Street, NE, Mail Stop 5628
        Washington, DC 20549-5628
        WhiteChr@SEC.gov
        Telephone: 202.551.4502
        Facsimile: 202.572.1372

        Attorney for Plaintiff/Judgment Creditor
        United States Securities and Exchange Commission